ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

ERIKA A. FURLONG, Trial Attorney
Wildlife & Marine Resources Section
READE E. WILSON, Trial Attorney
Natural Resources Section
Ben Franklin Station, P.O. Box 9011
Washington, DC 21598-9011
Tel:    (216) 598-9571 (Furlong)
        (216) 305-02113 (Wilson)
Email: Erika.Furlong@usdoj.gov
Reade.Wilson@usdoj.gov

*Attorneys for Federal Defendants*

THE HONORABLE TANA LIN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANIMAL WELLNESS ACTION, *et al.*,<br><br>        Plaintiffs,<br><br>*v.*<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, *et al.*,<br><br>      Federal Defendants. | Case No. 2:24-cv-1796-TL<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 35)** |

Federal Defendants hereby respond to the allegations in Plaintiffs' August 14, 2025 First Amended Complaint (ECF No. 35) in the above-captioned action. The judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, govern Plaintiffs' claims against Federal Defendants. Under the APA, the Court's task is not to find facts, but to review the agency's administrative record and determine whether, as a matter of law, the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v.*

1

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

*Lorion*, 470 U.S. 729, 744-45 (2125). Because the Court does not operate as a fact-finder during APA review, there is no role for an Answer, which is a civil litigation tool for determining areas of factual dispute. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1700, 1719 (10th Cir. 2148) (stating that a "complaint" (and, by implication, an "answer") was not the appropriate vehicle for initiating judicial review under the APA); *cf. Fla. Power & Light Co.*, 470 U.S. at 744 ("The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking. . . . [C]ourts are to decide, on the basis of the record the agency provides, whether the action passes muster under the appropriate APA standard of review."). Nonetheless, to foster judicial economy, Federal Defendants submit this Answer. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Amended Complaint.

## "INTRODUCTION"[1]

1.     The allegations in Paragraph 1 characterize Plaintiffs' case, to which no response is required.

2.     Federal Defendants deny the allegations in sentence one of Paragraph 2. Federal Defendants admit the remaining allegations in Paragraph 2.

3.     Federal Defendants admit that the barred owl has come into competition with the spotted owl but deny the remaining allegations in Paragraph 3.

4.     The allegations in sentence one of Paragraph 4 characterize the Barred Owl Management Strategy Final EIS FAQs, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in sentence one of Paragraph 4 to the

---

[1] The headings in the Answer correspond to the headings in the Complaint. Federal Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of Federal Defendants' Answer. To the extent the Complaint's headings make substantive allegations, Federal Defendants deny those allegations.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

extent they are inconsistent with the plain language, meaning, and context of the Barred Owl Management Strategy Final EIS FAQs and the Administrative Record. Federal Defendants deny the remaining allegations in Paragraph 4.

5.      Federal Defendants deny the allegations in Paragraph 5.

6.      Federal Defendants deny the allegations in Paragraph 6.

7.      Federal Defendants deny the allegations in Paragraph 7.

8.      Federal Defendants deny the allegations in Paragraph 8.

<u>"JURISDICTION AND VENUE"</u>

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 characterize Plaintiffs' case, to which no response is required.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 12.

<u>"PARTIES"</u>

<u>"Plaintiffs"</u>

13.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 13 and therefore deny the same.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

14.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 14 and therefore deny the same.

15.     Federal Defendants lack sufficient information to admit or deny the allegations in sentences one and two of Paragraph 15 and therefore deny the same. Federal Defendants deny the remaining allegations in Paragraph 15.

<u>"Plaintiffs' Interests"</u>

16.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 16 and therefore deny the same.

17.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and therefore deny the same.

18.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 18 and therefore deny the same.

19.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 19 and therefore deny the same.

20.     Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 20 and therefore deny the same.

21.     Federal Defendants deny the allegations in Paragraph 21.

22.     Federal Defendants deny the allegations in Paragraph 22.

<u>"Defendants"</u>

23.     Federal Defendants admit the allegations in Paragraph 23.

24.     Federal Defendants admit the allegations in Paragraph 24.

25.     Federal Defendants admit the U.S. Department of the Interior is a federal department, but the remaining allegations in Paragraph 25 are vague and lack specificity, and

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Federal Defendants deny the remaining allegations on that basis.

26.    Federal Defendants admit the allegations in Paragraph 26.

<u>"LEGAL FRAMEWORK"</u>

<u>"The National Environmental Policy Act"</u>

27.    The allegations in sentence one of Paragraph 27 characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in sentence one of Paragraph 27 to the extent they are inconsistent with the plain language, meaning, and context of NEPA and its implementing regulations. The remaining allegations constitute legal conclusions to which no response is required.

28.    The allegations in Paragraph 28 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 28 to the extent they are inconsistent with the plain language, meaning, and context of NEPA.

29.    The allegations in sentences one and two of Paragraph 29 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in sentences one and two of Paragraph 29 to the extent they are inconsistent with the plain language, meaning, and context of NEPA and its implementing regulations. The remaining allegations constitute legal conclusions to which no response is required.

30.    The allegations in Paragraph 30 characterize NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 30 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

31.     The allegations in Paragraph 31 constitute legal conclusions to which no response is required.

32.     The allegations in Paragraph 32 constitute legal conclusions to which no response is required.

33.     The allegations in Paragraph 33 constitute legal conclusions to which no response is required.

34.     The allegations in Paragraph 34 constitute legal conclusions to which no response is required.

<u>"The Migratory Bird Treaty Act"</u>

35.     The allegations in Paragraph 35 characterize the Migratory Bird Treaty Act ("MBTA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 35 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA.

36.     The allegations in Paragraph 36 characterize the MBTA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA.

37.     The allegations in Paragraph 37 characterize the MBTA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 37 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA.

38.     Federal Defendants admit the allegations in sentence one of Paragraph 38. The remaining allegations in Paragraph 38 characterize U.S. Fish and Wildlife Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations in Paragraph 38 to the extent they are inconsistent with the plain

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

language, meaning, and context of the cited regulations.

39.     The allegations in Paragraph 39 characterize U.S. Fish and Wildlife Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations in Paragraph 39 to the extent they are inconsistent with the plain language, meaning, and context of the U.S. Fish and Wildlife regulations.

40.     Federal Defendants admit the U.S. Fish and Wildlife Service (the "Service") has issued permits for barred owl removal experiments under an MBTA Scientific Collecting Permit but deny the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 characterize Service regulations and a Service Handbook, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 41 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations and Handbook.

42.     The allegations in Paragraph 42 characterize Service regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 42 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations.

43.     The allegations in Paragraph 43 characterize Service regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 43 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations.

44.     The allegations in Paragraph 44 characterize a Service Handbook, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 44 to the extent they are inconsistent with the plain language, meaning, and context of

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

the cited regulations.

45.    The allegations in Paragraph 45 constitute legal conclusions to which no response is required.

### "Administrative Procedure Act Review"

46.    The allegations in Paragraph 46 characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with the plain language, meaning, and context of the APA.

47.    The allegations in Paragraph 47 characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 47 to the extent they are inconsistent with the plain language, meaning, and context of the APA.

48.    The allegations in Paragraph 48 constitute legal conclusions to which no response is required. The allegations in Paragraph 48 also characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 48 to the extent they are inconsistent with the plain language, meaning, and context of the APA.

### "FACTUAL BACKGROUND"

### "Barred and Spotted Owls"

49.    Federal Defendants deny the allegations in sentences one, two, and three of Paragraph 49. The remaining allegations in Paragraph 49 characterize and quote a website, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 49 to the extent they are inconsistent with the plain language, meaning, and context of the cited website.

50.    Federal Defendants admit that the spotted owl species includes the northern spotted owl and California spotted owl subspecies, and aver there is a third subspecies, the

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Mexican spotted owl. The remaining allegations characterize Plaintiffs' Complaint, to which no response is required.

51.    Federal Defendants deny the allegations in sentence one of Paragraph 51. Federal Defendants admit the allegations in sentences two, three, and four of Paragraph 51. The remaining allegations characterize and quote websites, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations to the extent they are inconsistent with the plain language, meaning, and context of the cited websites.

52.    Federal Defendants admit the allegations in sentence one of Paragraph 52. The remaining allegations are vague and lack specificity, and Federal Defendants deny the remaining allegations on that basis.

53.    Federal Defendants admit that both barred and spotted owls are nocturnal animals that typically spend daylight hours roosting and hidden from sight in forest canopies but deny the remaining allegations in Paragraph 53.

54.    Federal Defendants admit that the barred owl is more adaptive than the spotted owl, that barred owl diets are more diverse than spotted owl diets, and that barred owls inhabit a wider variety of habitats than spotted owls but aver that spotted owls rely particularly on structurally diverse forests, including old-growth forests. Federal Defendants deny the remaining allegations in Paragraph 54.

55.    Federal Defendants admit the allegations in sentences one and three of Paragraph 53. Federal Defendants deny the remaining allegations in Paragraph 55.

56.    Federal Defendants admit that mating occurs between barred and spotted owls resulting in hybrids, and hybrids are occasionally referred to colloquially as "sparred owls." Federal Defendants deny the remaining allegations in sentence one of Paragraph 56. Federal

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Defendants admit hybrid visual features and vocalizations vary across individual animals but deny the remaining allegations in Paragraph 56.

57.     Federal Defendants admit barred owls occupancy in spotted owl habitat has increased over time, that barred owls are more adaptable than spotted owls in terms of habitat and prey, that barred owls outcompete spotted owls, and that competition from barred owls is a factor in the decline of the northern spotted owl but deny the remaining allegations in Paragraph 57.

<u>"The History of Barred Owl Management"</u>

58.     The allegations in Paragraph 58 characterize the Service's listing rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 58 to the extent they are inconsistent with the plain language, meaning, and context of the listing rule.

59.     The allegations in Paragraph 59 characterize the Service's proposed rule to list the California spotted owl, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 59 to the extent they are inconsistent with the plain language, meaning, and context of the listing rule. Federal Defendants admit that the Service has not issued a final rule regarding the listing of the California spotted owl.

60.     Federal Defendants admit the Service drafted its first Recovery Plan for the spotted owl in 2144, but aver this Plan was not finalized. The remaining allegations in sentence one of Paragraph 60 characterize the 2144 Draft Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in sentence one of Paragraph 60 to the extent they are inconsistent with the plain language, meaning, and context of the 2144 Draft Recovery Plan and the Administrative Record. The allegations in sentence two

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

of Paragraph 60 characterize the Service's rule designated critical habitat for the northern spotted owl, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence two of Paragraph 60 to the extent they are inconsistent with the plain language, meaning, and context of the Service's rule.

61.     Federal Defendants admit the allegations in Paragraph 61 but aver that the Forest Service and Bureau of Land Management, not the Clinton administration, implemented the Northwest Forest Plan.

62.     The allegations in Paragraph 62 characterize the Service's rule revising critical habitat for the northern spotted owl, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 62 to the extent they are inconsistent with the plain language, meaning, and context of the Service's rule.

63.     Federal Defendants admit the Service issued a Recovery Plan for the spotted owl in 2162 that was revised in 2011 but deny the remaining allegations in sentence one of Paragraph 63. The remaining allegations in Paragraph 61 characterize the Recovery Plans, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations in Paragraph 63 to the extent they are inconsistent with the plain language, meaning, and context of the 2162 and 2011 Recovery Plans and the Administrative Record.

64.     Federal Defendants admit the Service reviewed the designation of critical habitat for the northern spotted owl in 2012. The remaining allegations in Paragraph 64 characterize the 2012 critical habitat rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 64 to the extent they are inconsistent with the plain language, meaning, and context of the 2012 critical habitat rule.

65.     Federal Defendants admit the Service finalized the 2011 Revised Recovery Plan

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

in 2011. The remaining allegations in Paragraph 65 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 63 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

66.    The allegations in Paragraph 66 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 64 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

67.    The allegations in sentence one of Paragraph 67 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence one of Paragraph 67 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record. The remaining allegations in Paragraph 67 are vague and lack specificity, and Federal Defendants deny the remaining allegations on that basis.

68.    The allegations in Paragraph 68 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 68 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

69.    The allegations in Paragraph 69 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 69 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

70.    The allegations in Paragraph 70 characterize the Final Environmental Impact

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Statement ("Final EIS"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 70 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

71.     The allegations in Paragraph 71 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 71 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

72.     The allegations in Paragraph 72 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 72 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

73.     Federal Defendants admit that barred owl removals on the Hoopa Reservation, under a research permit separate from the Service's Experiment, continued after the Service's Experiment but deny the remaining allegations in Paragraph 73.

<u>"DEVELOPMENT OF THE BARRED OWL MANAGEMENT STRATEGY"</u>

74.     The allegations in Paragraph 74 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 74 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

75.     The allegations in Paragraph 75 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 75 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

76.     The allegations in Paragraph 76 characterize the Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 76 to the extent they are inconsistent with the plain language, meaning, and context of the Barred Owl Management Strategy and the Administrative Record.

77.     The allegations in Paragraph 77 characterize the Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 77 to the extent they are inconsistent with the plain language, meaning, and context of the Barred Owl Management Strategy and the Administrative Record.

78.     The allegations in Paragraph 78 characterize the Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with the plain language, meaning, and context of the Barred Owl Management Strategy and the Administrative Record.

79.     The allegations in Paragraph 79 characterize the Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 79 to the extent they are inconsistent with the plain language, meaning, and context of the Barred Owl Management Strategy and the Administrative Record.

80.     The allegations in Paragraph 80 characterize a Federal Register Notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 80 to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register Notice.

81.     The allegations in Paragraph 81 characterize a Federal Register Notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 81 to the extent they are inconsistent with the plain language, meaning, and context

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

of the Federal Register Notice.

82.    The allegations in Paragraph 82 characterize the Draft Environmental Impact Statement ("Draft EIS"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 82 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

83.    The allegations in Paragraph 83 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 83 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

84.    The allegations in Paragraph 84 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 84 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

85.    The allegations in Paragraph 85 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 85 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

86.    The allegations in Paragraph 86 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 86 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

87.    The allegations in Paragraph 87 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 87

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

88.    The allegations in Paragraph 88 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 88 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

89.    The allegations in Paragraph 89 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 89 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

90.    The allegations in Paragraph 90 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 90 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

91.    The allegations in Paragraph 91 also characterize the Draft EIS and the 2011 Recovery Plan, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 91 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS, 2011 Recovery Plan, and the Administrative Record.

92.    The allegations in Paragraph 92 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 92 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

93.    The allegations in Paragraph 93 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 93 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

94.    The allegations in Paragraph 94 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 94 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

95.    The allegations in Paragraph 95 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 107 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

96.    The allegations in Paragraph 96 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 108 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

97.    The allegations in Paragraph 97 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 109 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

98.    The allegations in Paragraph 98 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 98 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

and the Administrative Record.

99.    Federal Defendants admit the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 100 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

101.    The allegations in Paragraph 101 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 101 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

102.    The allegations in Paragraph 102 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 102 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

103.    The allegations in Paragraph 103 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 103 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

104.    The allegations in Paragraph 104 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 104 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

105.    The allegations in Paragraph 105 characterize the Draft EIS, which speaks for

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 105 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

106.    The allegations in Paragraph 106 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 106 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

107.    Federal Defendants admit the allegations in Paragraph 107.

<u>"THE FINAL EIS AND FINAL STRATEGY"</u>

108.    The allegations in sentence one of Paragraph 108 characterize the Proposed Barred Owl Management Strategy and the Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in sentence one of Paragraph 108 to the extent they are inconsistent with the plain language, meaning, and context of the Proposed Barred Owl Management Strategy, the Final EIS, and the Administrative Record. The remaining allegations characterize a Federal Register Notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 108 to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register Notice.

109.    The allegations in sentence one of Paragraph 109 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence one of Paragraph 109 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record. The remaining allegations characterize a Federal

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Register Notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 109 to the extent they are inconsistent with the plain language, meaning, and context of the Federal Register Notice.

110.    The allegations in Paragraph 110 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 110 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and the Administrative Record.

111.    The allegations in Paragraph 111 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 111 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and the Administrative Record.[2]

112.    The allegations in Paragraph 112 characterize MBTA regulations and the MBTA Handbook, which speak for themselves are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 112 to the extent they are inconsistent with the plain language, meaning, and context of MBTA regulations and the MBTA Handbook.

113.    Federal Defendants admit that FWS updated the Migratory Bird Permitting Handbook in 2025. The remaining allegations in Paragraph 113 characterize the 2025 Migratory Bird Permitting Handbook, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 113 to the extent they are inconsistent with the plain language, meaning, and context of the 2025 Migratory Bird Permitting Handbook.

114.    The allegations in Paragraph 114 are too vague and ambiguous to allow

---

[2] Federal Defendants admit the allegations in footnote 3.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Defendants to form a belief as to their truth, and they deny them on that basis.

115.    Federal Defendants deny the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 are too vague and ambiguous to allow Defendants to form a belief as to their truth, and they deny them on that basis.

117.    The allegations in Paragraph 117 are too vague and ambiguous to allow Defendants to form a belief as to their truth, and they deny them on that basis.

118.    The allegations in Paragraph 118 are too vague and ambiguous to allow Defendants to form a belief as to their truth, and they deny them on that basis.  The allegations also appear to constitute a legal conclusion to which no response is required.

119.    The allegations in Paragraph 119 are vague and lack specificity, and Federal Defendants deny them on that basis.  The allegations also appear to constitute a legal conclusion to which no response is required.

120.    Federal Defendants admit the allegations in Paragraph 120 subject to the clarification that the FWS issued the MBTA Permit pursuant to its existing authority under 50 C.F.R. § 21.95.

121.    Federal Defendants admit the allegations in Paragraph 121.

122.    Federal Defendants deny the allegations in Paragraph 122.

123.    Federal Defendants deny the allegations in Paragraph 123.

124.    Federal Defendants deny the allegations in Paragraph 124.

125.    The allegations in Paragraph 125 constitute legal conclusions to which no response is required. The allegations in Paragraph 125 also characterize the Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 125 to the extent they are inconsistent with the plain language,

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

meaning, and context of the Service's regulations.

126.     The allegations in Paragraph 126 characterize the MBTA Handbook, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 126 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA Handbook and the Administrative Record.

127.     The allegations in the first sentence in Paragraph 127 characterize the MBTA Handbook, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of Paragraph 127 characterize the Migratory Bird Permits page from FWS's website (*Migratory Bird Permits, Permits and Other Authorizations*, U.S. Fish & Wildlife Service, https://www.fws.gov/policy-library/724fw2 (last visited August 15, 2025)), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 127 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA Handbook, the FWS website, and the Administrative Record.

128.     The allegations in Paragraph 128 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 128 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and the Administrative Record.

129.     The allegations in Paragraph 129 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 129 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and the Administrative Record.

130.     The allegations in Paragraph 130 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

in Paragraph 130 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record.

131.    The allegations in Paragraph 131 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 131 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

132.    The allegations in Paragraph 132 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in of Paragraph 132 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

133.    The allegations in Paragraph 133 characterize the Draft EIS and the Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 133 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS, Final EIS, and the Administrative Record.

134.    The allegations in Paragraph 134 characterize unspecified public comments and the Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 134 to the extent they are inconsistent with the Final EIS and the Administrative Record.

### "The Barred Owl as an Invasive Species"

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    Federal Defendants deny the allegations in Paragraph 136.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

137. The allegations in Paragraph 137 characterize an Executive Order, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 137 to the extent they are inconsistent with the plain language, meaning, and context of the Executive Order.

138. The allegations in Paragraph 138 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 138 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

139. Federal Defendants deny the allegations in sentence one of Paragraph 139. The allegations in sentences two and three of Paragraph 139 are vague and lack specificity, and Federal Defendants deny the allegations in sentences two and three of Paragraph 139 on that basis.

140. The allegations in Paragraph 140 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 140 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

141. Federal Defendants deny the allegations in Paragraph 141.

142. The allegations in Paragraph 143 characterize public comments and Fujito et al. (2175), which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 142 to the extent they are inconsistent with the plain language, meaning, and context of Fujito et al. (2175) and the Administrative Record.

143. The allegations in Paragraph 143 characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 143

24

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

144. The allegations in Paragraph 144 characterize Fujito et al. (2175), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 144 to the extent they are inconsistent with the plain language, meaning, and context of Fujito et al. (2175) and the Administrative Record.

145. The allegations in Paragraph 145 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 145 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

### "Strategy Implementation"

146. The allegations in Paragraph 146 characterize the Final Barred Owl Management Strategy and Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 146 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy, Final EIS, and the Administrative Record.

147. The allegations in Paragraph 147 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 147 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

148. The allegations in Paragraph 148 characterize the Final EIS, which speaks for

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 148 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

149.    The allegations in Paragraph 149 characterize Wiens et al. (2021), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 149 to the extent they are inconsistent with the plain language, meaning, and context of Wiens et al. (2021) and the Administrative Record.

150.    The allegations in Paragraph 150 characterize Hofstadter et al. (2022), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 150 to the extent they are inconsistent with the plain language, meaning, and context of Hofstadter et al. (2022) and the Administrative Record.

151.    The allegations in Paragraph 151 characterize Hofstadter et al. (2022), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 151 to the extent they are inconsistent with the plain language, meaning, and context of Hofstadter et al. (2022) and the Administrative Record.

152.    The allegations in Paragraph 152 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 152 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

153.    The allegations in Paragraph 153 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 153 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

154.    The allegations in Paragraph 154 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 154 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

155.    Federal Defendants admit the Final Barred Owl Management Strategy is voluntary but deny the remaining allegations in Paragraph 155.

156.    The allegations in Paragraph 156 characterize public comments which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 156 to the extent they are inconsistent with the plain language, meaning, and context of the cited public comments and the Administrative Record.

157.    The allegations in Paragraph 157 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 157 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

158.    The allegations in Paragraph 158 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 158 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

159.    The allegations in Paragraph 159 characterize Hofstadter et al. (2190), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 159 to the extent they are inconsistent with the plain language, meaning, and context of Hofstadter et al. (2190) and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

160.    The allegations in Paragraph 160 characterize the Final EIS and Final Barred Owl Management Strategy, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 160 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS, Final Barred Owl Management Strategy, and the Administrative Record.

161.    The allegations in Paragraph 161 characterize and quote a letter and a website, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 161 to the extent they are inconsistent with the plain language, meaning, and context of the cited letter, website, and Administrative Record.

162.    The allegations in Paragraph 162 characterize a public comment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 162 to the extent they are inconsistent with the plain language, meaning, and context of the cited public comment and Administrative Record.

163.    Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 163 and therefore deny the same.

164.    Federal Defendants lack sufficient information to admit or deny the allegations in Paragraph 164 and therefore deny the same.

165.    The allegations in Paragraph 165 are vague and lack specificity, and Federal Defendants deny them on that basis.

166.    The allegations in Paragraph 166 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 166 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

167.    The allegations in Paragraph 167 characterize Wien et al. (2175), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 167 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

168.    The allegations in Paragraph 168 are vague and lack specificity, and Federal Defendants deny them on that basis.

169.    The allegations in Paragraph 169 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 169 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record.

"Site-Specificity"

170.    The allegations in Paragraph 170 characterize the Final Barred Owl Management Strategy and MBTA Special Purpose Permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 170 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy, MBTA Special Purpose Permit, and the Administrative Record.

171.    The allegations in Paragraph 171 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 171 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and the Administrative Record.

172.    The allegations in Paragraph 172 characterize the Draft and Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 172 to the extent they are inconsistent with the plain language, meaning,

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

and context of the Draft EIS, Final EIS, and the Administrative Record.

173.    The allegations in Paragraph 173 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 173 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

174.    Federal Defendants deny the allegations in sentence one of Paragraph 174. The remaining allegations in Paragraph 174 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 174 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

175.    The allegations in Paragraph 175 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 175.

<u>"Lethal Take of Spotted Owls"</u>

176.    Federal Defendants deny the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 characterize public comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 177 to the extent they are inconsistent with public comments received and the Administrative Record.

178.    The allegations in Paragraph 178 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 178 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

179.    Federal Defendants deny the allegations in Paragraph 179.

180.    The allegations in Paragraph 180 characterize the Biological Opinion and Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 180 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion, Final EIS, and the Administrative Record.

181.    The allegations in Paragraph 181 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 181. The allegations in Paragraph 181 also characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 181 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

182.    The allegations in Paragraph 182 characterize the Biological Opinion and Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 182 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion, Final EIS, and the Administrative Record.

183.    Federal Defendants deny the allegations in Paragraph 183.

184.    Federal Defendants admit the barred owl removals conducted as part of the experiments, like activities to be authorized under the Final Barrel Owl Management Strategy, were conducted with agency supervision and guidance and the participation of experts but deny the remaining allegations in Paragraph 184 on the basis that the phrase "far smaller scale" is vague and lacking specificity.

185.    Federal Defendants admit that protocols for removal used in the earlier removal experiments informed the protocols for the Final Barred Owl Management Strategy but

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

otherwise the protocols used in the removal experiments and in the Final Barred Owl Management Strategy speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 185 to the extent they are inconsistent with the plain language, meaning, and context of the experimental removal protocols, Final Barred Owl Management Strategy removal protocols, and the Administrative Record.

186.    Federal Defendants deny the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 187 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

188.    Federal Defendants deny the allegations in Paragraph 188.

189.    The allegations in Paragraph 189 characterize a U.S. Geological Survey report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 189 to the extent they are inconsistent with the plain language, meaning, and context of the cited report.

190.    Federal Defendants deny the allegations in Paragraph 190.

191.    Federal Defendants deny the allegations in Paragraph 191.

192.    Federal Defendants deny the allegations in Paragraph 192.

193.    The allegations in Paragraph 193 characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 193 to the extent they are inconsistent with the plain language, meaning, and context of the Endangered Species Act.

"Hybrids"

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

194.    Federal Defendants deny the allegations in sentence one of Paragraph 194. The allegations in sentences two and three of Paragraph 194 appear to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentences two and three of Paragraph 194 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record. The remaining allegations in Paragraph 194 characterize Kelly and Forsman (2004), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 194 to the extent they are inconsistent with the plain language, meaning, and context of Kelly and Forsman (2004) and the Administrative Record.

195.    The allegations in Paragraph 195 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 195 to the extent they are inconstant with the plain language, meaning, and context of the Final EIS.

196.    The allegations in Paragraph 196 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 196 to the extent they are inconstant with the plain language, meaning, and context of the Final EIS and the Administrative Record.

197.    The allegations in sentence one of Paragraph 197 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence one of Paragraph 197 to the extent they are inconstant with the plain language, meaning, and context of the Final EIS and the Administrative Record. The allegations in sentence two of Paragraph 197 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence two

33

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

of Paragraph 197 to the extent they are inconstant with the plain language, meaning, and context of the Biological Opinion and the Administrative Record. Federal Defendants deny the remaining allegations in Paragraph 197.

198.    Federal Defendants deny the allegations in Paragraph 198.

199.    Federal Defendants deny the allegations in sentence one of Paragraph 199. The remaining allegations in Paragraph 199 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in Paragraph 199 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

200.    The allegations in Paragraph 200 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 200 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

201.    The allegations in Paragraph 201 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 201 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

202.    Federal Defendants admit that a hybrid of a barred owl and a spotted owl may vary in appearance from either the barred owl or spotted owl, and that a hybrid's song may vary from either a barred or spotted owl but deny the remaining allegations of Paragraph 202.

203.    The allegations in Paragraph 203 characterize the Final Barred Owl Management Strategy and 2019 Protocol, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 203 to the extent they are

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy, 2019 Protocol, and the Administrative Record.

204.    The allegations in Paragraph 204 characterize the Final Barred Owl Management Strategy and 2019 Protocol, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 204 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy, 2019 Protocol, and the Administrative Record.

205.    The allegations in Paragraph 205 characterize the 2019 Protocol, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 205 to the extent they are inconsistent with the plain language, meaning, and context of the 2019 Protocol and the Administrative Record.

206.    Federal Defendants deny the allegations in Paragraph 206.

207.    The allegations in Paragraph 207 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 207 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record.

208.    Federal Defendants deny the allegations in Paragraph 208.

209.    The allegations in Paragraph 209 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 209 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

210.    Federal Defendants deny the allegations in Paragraph 210.

211.    Federal Defendants deny the allegations in Paragraph 211.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

212.    The allegations in Paragraph 212 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 212 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

213.    Federal Defendants deny the allegations in Paragraph 213.

"Non-lethal Take of Spotted Owls"

214.    Federal Defendants deny the allegations in Paragraph 214.

215.    Federal Defendants deny the allegations in Paragraph 215.

216.    The allegations in Paragraph 216 characterize public comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 216 to the extent they are inconsistent with the plain language, meaning, and context of the Administrative Record.

217.    The allegations in Paragraph 217 characterize the Biological Opinion, Final EIS, and Final Barred Owl Management Strategy, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 217 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion, Final EIS, Final Barred Owl Management Strategy, and the Administrative Record.

218.    The allegations in Paragraph 218 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 218 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

219.    The allegations in Paragraph 219 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Paragraph 219 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

220.    The allegations in Paragraph 220 characterize the Final Barred Owl Management Strategy and the Final EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 220 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy, the Final EIS, and the Administrative Record.

<u>"Other Impacts"</u>

<u>"*Marbled Murrelets*"</u>

221.    The allegations in Paragraph 221 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 221 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record. Federal Defendants deny the remaining allegations in Paragraph 221.

222.    The allegations in Paragraph 222 characterize the Species Biological Report for Marbled Murrelet, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 222 to the extent they are inconsistent with the plain language, meaning, and context of the Species Biological Report for Marbled Murrelet and the Administrative Record.

223.    The allegations in Paragraph 223 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 223 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

224.     The allegations in Paragraph 224 characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 224 to the extent they are inconsistent with the plain language, meaning, and context of the Biological Opinion and the Administrative Record.

225.     Federal Defendants deny the allegations in Paragraph 225.

226.     The allegations in Paragraph 226 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 226 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

227.     The allegations in Paragraph 227 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 227 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

228.     The allegations in Paragraph 228 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 228 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

229.     Federal Defendants deny the allegations in sentence one of Paragraph 229. The Remaining allegations characterize the Species Biological Report, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations to the extent they are inconsistent with the plain language, meaning, and context of the Species Biological Report and the Administrative Record.

*"Other Species"*

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

230.     The allegations in Paragraph 230 characterize an appendix to the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 230 to the extent they are inconsistent with the plain language, meaning, and context of the appendix and the Administrative Record.

231.     The allegations in Paragraph 231 characterize an appendix to the Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 231 to the extent they are inconsistent with the plain language, meaning, and context of the appendix and the Administrative Record.

232.     The allegations in Paragraph 232 characterize the Final EIS, Final Barred Owl Management Strategy, and an appendix to the Biological Opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 232 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS, Final Barred Owl Management Strategy, appendix, and the Administrative Record.

233.     The allegations characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 233 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record. Federal Defendants deny the remaining allegations in Paragraph 233.

234.     Federal Defendants deny the allegations in Paragraph 234.

235.     The allegations in Paragraph 235 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 235 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

236.    The allegations in Paragraph 236 characterize Holm et al. (2170), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 236 to the extent they are inconsistent with the plain language, meaning, and context of Holm et al. (2170) and the Administrative Record.

237.    The allegations in Paragraph 237 characterize Baumbusch (2191), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 237 to the extent they are inconsistent with the plain language, meaning, and context of Baumbusch (2191) and the Administrative Record.

238.    The allegations in Paragraph 238 characterize the Draft EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 238 to the extent they are inconsistent with the plain language, meaning, and context of the Draft EIS and the Administrative Record.

239.    The allegations in Paragraph 239 characterize unidentified public comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 239 to the extent they are inconsistent with the plain language, meaning, and context of public comments and the Administrative Record.

240.    The allegations in Paragraph 240 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 240 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

241.    The allegations in Paragraph 241 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 241 to the extent they are inconsistent with the plain language, meaning, and context

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

of the Final EIS and the Administrative Record.

242.    The allegations in Paragraph 242 characterize the Final EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 242 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

<u>"CLAIMS FOR RELIEF"</u>

<u>"First Claim – Migratory Bird Treaty Act Violation"</u>

<u>"(Migratory Bird Treaty Act)"</u>

243.    Federal Defendants incorporate all previous answers by reference.

244.    The allegations in Paragraph 244 constitute legal conclusions to which no response is required. The allegations in Paragraph 244 also characterize the MBTA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 244 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA.

245.    The allegations in Paragraph 245 constitute legal conclusions to which no response is required. The allegations in Paragraph 245 also characterize the MBTA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 245 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA.

246.    The allegations in Paragraph 246 characterize the Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations in Paragraph 246 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations. The allegations in sentences two and

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

1
2
3
4

three of Paragraph 246 also constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in sentences two and three of Paragraph 246.

5
6
7
8
9
10
11

247.    The allegations in Paragraph 247 characterize the Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 247 to the extent they are inconsistent with the plain language, meaning, and context of the Service's regulations. The allegations in sentence two of Paragraph 247 also constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in sentence two of Paragraph 247.

12
13
14
15
16

248.    The allegations in Paragraph 248 characterize the Service's regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the remaining allegations in Paragraph 248 to the extent they are inconsistent with the plain language, meaning, and context of the Service's regulations.

17
18
19
20
21
22

249.    The allegations in Paragraph 249 characterize the MBTA Handbook, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 249 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA Handbook and Administrative Record. The allegations in sentence two of Paragraph 249 also constitute legal conclusions to which no response is required.

23
24
25
26
27

250.    The allegations in Paragraph 250 characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 250 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and Administrative Record.

28

251.    The allegations in Paragraph 251 characterize the Record of Decision, which

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 251 to the extent they are inconsistent with the plain language, meaning, and context of the Record of Decision and Administrative Record.

252.    The allegations in Paragraph 252 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 252.

253.    The allegations in Paragraph 253 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 253.

<u>"Second Claim – Insufficient Specificity"</u>

<u>"(National Environmental Policy Act)"</u>

254.    Federal Defendants incorporate all previous answers by reference.

255.    The allegations in Paragraph 255 constitute legal conclusions to which no response is required. The allegations in Paragraph 255 also characterize the NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 255 to the extent they are inconsistent with the plain language, meaning, and context of the NEPA.

256.    The allegations in Paragraph 256 constitute legal conclusions to which no response is required. The allegations in Paragraph 256 also characterize the NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 256 to the extent they are inconsistent with the plain language, meaning, and context of the NEPA.

257.    Federal Defendants deny the allegations in Paragraph 257.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

258.    Federal Defendants deny the allegations in Paragraph 258.

259.    Federal Defendants deny the allegations in Paragraph 259.

260.    The allegations in Paragraph 260 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 260.

<u>"Third Claim – Failure to Take a 'Hard Look' at Impacts"</u>

<u>"(National Environmental Policy Act)"</u>

261.    Federal Defendants incorporate all previous answers by reference.

262.    The allegations in Paragraph 262 constitute legal conclusions to which no response is required. The allegations in Paragraph 262 also characterize the NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 262 to the extent they are inconsistent with the plain language, meaning, and context of the NEPA.

263.    The allegations in Paragraph 263 constitute legal conclusions to which no response is required. The allegations in Paragraph 263 also characterize the NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 263 to the extent they are inconsistent with the plain language, meaning, and context of the NEPA.

264.    The allegations in Paragraph 264 constitute legal conclusions to which no response is required. The allegations in Paragraph 264 also characterize the NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 264 to the extent they are inconsistent with the plain language, meaning, and context of the NEPA.

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

265.    The allegations in Paragraph 265 constitute legal conclusions to which no response is required.

266.    The allegations in Paragraph 266 constitute legal conclusions to which no response is required. The allegations in Paragraph 266 also characterize NEPA regulations to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 266 to the extent they are inconsistent with the plain language, meaning, and context of the cited regulations.

267.    The allegations in Paragraph 267 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 267.

268.    The allegations in Paragraph 268 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 268.

<u>"Fourth Claim – Failure to Adequately Assess Alternatives"</u>

<u>"(National Environmental Policy Act)"</u>

269.    Federal Defendants incorporate all previous answers by reference.

270.    The allegations in Paragraph 270 constitute legal conclusions to which no response is required. The allegations in Paragraph 270 also characterize NEPA and NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 270 to the extent they are inconsistent with the plain language, meaning, and context of NEPA and the cited regulations.

271.    The allegations in Paragraph 271 constitute legal conclusions to which no response is required. The allegations in Paragraph 271 also characterize NEPA and its

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 271 to the extent they are inconsistent with the plain language, meaning, and context of NEPA and its implementing regulations.

272.    The allegations in sentence one of Paragraph 272 constitute legal conclusions to which no response is required. The allegations in sentence two of Paragraph 272 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in sentence two of Paragraph 272 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

273.    The allegations in Paragraph 273 characterize the 2011 Revised Recovery Plan for the northern spotted owl, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 273 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

274.    The allegations in Paragraph 274 constitute legal conclusions to which not response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 274.

275.    The allegations in Paragraph 275 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 275.

<u>"Fifth Claim – Failure to Meet Project Purpose and Need"</u>

<u>"(National Environmental Policy Act)"</u>

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

276.    Federal Defendants incorporate all previous answers by reference.

277.    The allegations in Paragraph 277 constitute legal conclusions to which no response is required. The allegations in Paragraph 277 also characterize NEPA and NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 277 to the extent they are inconsistent with the plain language, meaning, and context of NEPA and NEPA regulations.

278.    The allegations in sentence Paragraph 278 characterize the Final Barred Owl Management Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 278 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

279.    The allegations in sentence Paragraph 279 characterize the 2011 Revised Recovery Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 279 to the extent they are inconsistent with the plain language, meaning, and context of the 2011 Revised Recovery Plan and the Administrative Record.

280.    The allegations in Paragraph 280 characterize the Final EIS and unspecified studies, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 280 to the extent they are inconsistent with the plain language, meaning, and context of the Final EIS and the Administrative Record.

281.    Federal Defendants admit the Final Barred Owl Management Strategy is unfunded but deny the remaining allegations in Paragraph 281.

282.    The allegations in Paragraph 282 characterize the Final Barred Owl Management

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Strategy, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 282 to the extent they are inconsistent with the plain language, meaning, and context of the Final Barred Owl Management Strategy and the Administrative Record.

283.    Federal Defendants deny the allegations in Paragraph 283.

284.    The allegations in Paragraph 284 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 284.

<u>"Sixth Claim – Failure to Engage in Notice-and-Comment Rulemaking"</u>

<u>"(Administrative Procedure Act)"</u>

285.    Federal Defendants incorporate all previous answers by reference.

286.    The allegations in Paragraph 286 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

287.    The allegations in Paragraph 287 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 287. The allegations in Paragraph 287 also characterize the MBTA Special Purpose Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 287 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA Special Purpose Permit and the Administrative Record.

288.    The allegations in Paragraph 288 are too vague and ambiguous to allow Defendants to form a belief as to their truth, and they deny them on that basis. The allegations also characterize the MBTA Special Purpose Permit and the MBTA, which speak for themselves

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

and are the best evidence of their contents. Federal Defendants deny the allegations in Paragraph 288 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA, the MBTA Special Purpose Permit, and the Administrative Record.  The allegations in Paragraph 288 also constitute a legal conclusion to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 289.

290.    The allegations in Paragraph 290 are too vague and ambiguous to allow Defendants to form a belief as to their truth, and they deny them on that basis.  The allegations also characterize the MBTA Special Purpose Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in Paragraph 290 to the extent they are inconsistent with the plain language, meaning, and context of the MBTA Special Purpose Permit and the Administrative Record.

291.    The allegations in Paragraph 291 contain an incomplete sentence and are too vague to permit a response, and Federal Defendants deny the allegations in Paragraph 291 on that basis.

292.    Federal Defendants deny the allegations in Paragraph 292.

293.    Federal Defendants deny the allegations in Paragraph 293.

## "REQUEST FOR RELIEF"

The remaining Paragraphs of Plaintiffs' Complaint, denominated A-G, constitute Plaintiffs' request for relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

whatsoever.

## GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein. In addition, Federal Defendants expressly reserve the right to plead any affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that they may determine apply to this case as litigation of such claims proceeds.

## DEFENSES

1.     Plaintiffs have waived or failed to exhaust administrative remedies as to some or all of their claims by not raising them during the administrative process.

2.     Plaintiffs lack standing to bring some or all of their claims.

3.     Plaintiffs fail to state a claim upon which relief may be granted.

4.     Some or all of Plaintiffs' claims may be time barred.

WHEREFORE, Federal Defendants request that the Court dismiss the Amended Complaint in its entirety, render judgment for the Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Dated: August 28, 2025                    Respectfully submitted,

ADAM R.F. GUSTAFSON

Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Erika Furlong*
ERIKA A. FURLONG, Trial Attorney

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

Wildlife & Marine Resources Section
READE E. WILSON, Trial Attorney
Natural Resources Section
Ben Franklin Station, P.O. Box 9011
Washington, DC 21598-9011
Tel:    (202) 598-9571 (Furlong)
        (216) 305-02113 (Wilson)
Email: Erika.Furlong@usdoj.gov
        Reade.Wilson@usdoj.gov

*Attorneys for Federal Defendants*

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
I hereby certify that on August 28, 2025, I electronically filed the foregoing with the Clerk of the

4
Court using the CM/ECF system, which will send notification of such to the attorneys of record.

5
*/s/ Erika A. Furlong*

6
ERIKA A. FURLONG

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. Defs. Answer
Case No. 2:24-CV-1796-TL

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9571