UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANIMAL WELLNESS ACTION ET AL,<br><br>Plaintiffs,<br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE; BRIAN NESVIK, Director of U.S. Fish and Wildlife Service; U.S. DEPARTMENT OF THE INTERIOR; and DOUG BURGUM, Secretary of the Interior;<br><br>Defendants,<br><br>and<br><br>ENVIRONMENTAL PROTECTION INFORMATION CENTER, KLAMATH-SISKIYOU WILDLANDS CENTER, UMPQUA WATERSHEDS, CONSERVATION NORTHWEST, and MARIN AUDUBON SOCIETY,<br><br>Defendant-Intervenors. | CASE NO. 2:24-cv-01796<br><br>ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE |

ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE – 1

Pursuant to 28 U.S.C. § 1404(a), Plaintiffs Animal Wellness Action and the Center for a Humane Economy move the Court transfer this action to the United States District Court for the District of Oregon to allow for consolidation with the related action pending in that district, Friends of Animals v. Morrison, No. 24-1928 (the "Oregon Action"). Dkt. No. 43 at 2. Plaintiffs in both actions believe that transfer and consolidation with the Oregon Action will promote efficiency, consistency, and the interests of justice. Dkt. No. 43-2 ¶ 3. Defendants have advised Plaintiffs' counsel that they take no position on this motion, and Defendant-Intervenors have advised that they do not oppose this motion. Dkt. No. 43 at 2.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Plaintiffs assert that transfer and consolidation are warranted because of the degree of overlap and duplication between the actions and the increasing need for coordination. Dkt. No. 43-2 ¶ 3. They further assert that the transfer and consolidation of the cases with the Oregon Action will "obviate the need for coordination across actions in different districts, conserve the resources of both the parties and the Court, and promote efficient and consistent determinations of matters of fact and law." Dkt. No. 43 at 3. Finally, Plaintiffs state that transfer and consolidation in Oregon, rather than in Washington, is desirable because it would permit continuity of plaintiffs' counsel. Dkt. No. 43-2 ¶¶ 8-9.

The Court finds that Plaintiffs have adequately set forth grounds for transfer pursuant to 28 U.S.C. § 1404(a). Accordingly, the Court ORDERS as follows:

1. Plaintiffs' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 43) is GRANTED. This case SHALL BE TRANSFERRED to the United States. District Court for the

ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE – 2

District of Oregon to allow for consolidation with the related action pending in that district, *Friends of Animals v. Morrison*, No. 24-1928.

2. The Clerk is DIRECTED to close this case once the transfer is complete.

Dated this 9th day of September, 2025.

Tana Lin
United States District Judge